UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WESTERN HERITAGE INSURANCE
COMPANY,

                    Plaintiff,

             -against-

JACOBS DEVELOPMENT CORP., 1268 42ND
STREET LLC, NEW YORK PRESCO, INC., and
SUCCESS CUSTOM BUILDERS, INC.,

                    Defendants.
------------------------------------------------------------X

**ORDER**

**12-CV-5718 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 20, 2012, Plaintiff Western Heritage Insurance Company brought this diversity action, seeking declaratory judgment that it is not obligated to defend or indemnify Defendants Jacobs Development Corporation ("Jacobs"); 1268 42nd Street LLC ("1268"); New York Presco, Inc. ("Presco"); and Success Custom Builders, Inc. ("Success") in connection with a case pending in the Supreme Court of New York, Kings County.

On April 11, 2011, Harry Abrahamovitz brought a personal injury suit in the Supreme Court of New York against 1268, Presco, and Success. (Compl. ¶ 9 (Dkt. 1).) Abrahamovitz had tripped and fallen on the sidewalk in front of 1268 42nd Street, Brooklyn, New York ("the premises"), and in his complaint, alleges negligence by 1268 as the owner of the premises, Presco as the company that maintained and installed the sidewalk, and Success as the company that performed construction or demolition at the premises. (Compl. ¶¶ 20-22; id. Ex. A (N.Y. Supreme Crt. Compl.) ¶¶ 14, 19.) Jacobs had contracted with 1268 to perform construction or renovation work at the premises, and according to Success, Jacobs was working at the premises at time of the accident. (Compl. ¶¶ 19, 23.) Success, Presco, and 1268 therefore filed a third

1

party complaint against Jacobs for indemnity and damages, alleging that (1) Jacobs was responsible for the construction work that resulted in the sidewalk defect, and (2) Jacobs breached their contract for failure to procure insurance coverage. (Id. ¶¶ 26-28.)

Prior to Abrahamovitz's claim, Plaintiff had issued a commercial general liability insurance policy to Jacobs for the period from June 2, 2010, to June 2, 2011 ("the policy"). (Compl. ¶ 11; id. Ex. C.) After being named in the third party complaint, Jacobs placed Plaintiff on notice of the claim in July 2012. (Compl. ¶ 29.) Plaintiff disclaimed coverage for the claims against Jacobs but extended a courtesy defense to Jacobs. (Id. ¶ 30.) Plaintiff then filed the instant action for declaratory judgment that Plaintiff had no duty to defend or indemnify Jacobs or other Defendants because (1) coverage is barred by the "habitational construction exclusion," (2) the policy excludes coverage for contractual liability, (3) Jacob's failure to procure insurance is not an "occurrence" as defined by the policy, and (4) late notice. (Id. ¶¶ 33-36, 39-43, 45-48.) Plaintiff served Defendants (Dkts. 4, 6, 7, 10), but Defendants failed to appear, answer, or otherwise defend this action. Plaintiff requested a Certificate of Default, which the Clerk of Court subsequently entered. (May 23, 2013, Entry of Default.)

On June 20, 2013, Plaintiff filed a Motion for Default Judgment, which the court referred to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (June 21, 2013, Order.) On December 16, 2013, Judge Bloom issued her R&R, recommending that Plaintiff's Motion for Default Judgment be granted and declaratory judgment that Plaintiff is not obligated to defend or indemnify Defendants be issued. (R&R (Dkt. 17).) Plaintiffs served a copy of the R&R on Defendants by mail on December 19, 2013. (Affidavit of Service (Dkt. 18).)

2

No party has objected to Judge Bloom's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 14 ("[T]he parties shall have fourteen (14) days from service of this Report to file written objections." (citations omitted).) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS IN FULL the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

Accordingly, Plaintiff's Motion for Default Judgment is GRANTED. The court further GRANTS Plaintiff's application for declaratory judgment recognizing that Plaintiff has no duty to defend or indemnify Defendants in the underlying action. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
January 23, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge